# Office DEPOT.

October 14, 2009

**VIA UPS**

Mr. Brian Kyle
17215 Synder Rd.
Chagrin Falls, OH 44023

Re: *Post-Employment Obligations*

Dear Mr. Kyle:

Although your employment with Office Depot ended in June 2009, this is to remind you of your continuing post-employment legal obligations to Office Depot.

On March 6, 2003, you executed a Non-Competition, Confidentiality and Non-Solicitation Agreement with Office Depot that included, among other things, confidentiality, non-compete, and non-solicitation provisions. Attached is a copy of your Agreement with Office Depot. Pursuant to this Agreement, you are legally restricted from, among other things, "directly or indirectly" working for a competing business, inducing or attempting to induce any customer or employee of Office Depot or any of its subsidiaries to leave the Company, or interfering in any way with the relationship between Office Depot and any of its customers or employees for a period of six months following your separation of employment with Office Depot.

Further, during the course of your employment with Office Depot, you had access to its confidential and proprietary information and trade secrets, including but not limited to customer information, pricing strategies, cost figures and specific account information. This information is protected from disclosure under your Agreement and Florida law. Also, your employment at Office Depot was subject to the very specific and detailed provisions contained in Office Depot's *Associate Handbook* and *People Manual*. The Conflict of Interest policy in the *Associate Handbook* prevents individuals from "[d]irectly or indirectly using or divulging inside confidential information." In addition, the Confidentiality policy in the *People Manual* prohibits your use, whether for your own benefit or for the benefit of others, of confidential information gained in the course of your employment with Office Depot. This policy specifically states that you are not to disclose such information to other associates or outsiders, except as required in the ordinary course of Office Depot's business, and that this obligation exists both during and after your employment relationship with Office Depot. As such, Office Depot reminds you of your obligations not to use or disclose this information to any third party, particularly one of its competitors.

Accordingly, Office Depot demands (and your signed Agreement with Office Depot requires) that you not take any actions that would violate your continuing post-employment

obligations or engage in any other efforts that would harm the Company. Should you engage in any conduct that violates your obligations to Office Depot, the Company hereby demands that you immediately cease and desist from any conduct that violates the above policies and your Agreement. If you do not do so, Office Depot will have no alternative but to avail itself of any and all legal remedies available to it to protect its interests. Please confirm that you will honor your post-employment obligations to Office Depot immediately, but in no event later than the close of business Wednesday, October 21, 2009.

Nothing herein shall be construed to waive any of Office Depot's rights, all of which are expressly reserved, nor should anything herein be construed to consent to you acting in contravention of Office Depot's interests or any other post-employment obligations, including without limitation, competing with Office Depot, using Office Depot's confidential and proprietary information or trade secrets, or interfering with and soliciting Office Depot customers and/or employees.

Sincerely,

Jason Nickerson, Esq.
Employment Counsel
Office Depot, Inc.