UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OFFICE DEPOT, INC., | ) | Case No.: 1:09 CV 2791 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| IMPACT OFFICE PRODUCTS, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case are: Plaintiff Office Depot's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2); Plaintiff's Motion for Expedited Discovery (ECF No. 4); and Plaintiff's Motion for Extension of Time to Extend Page Limit (ECF No. 5).  In regard to the Motion for a Temporary Restraining Order, Plaintiff's counsel represented to the court that he served all Defendants and that he had telephone conversations with each Defendant regarding the filing of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.  Based on the information before the court, including Plaintiff's moving papers, and pursuant to Federal Rule of Civil Procedure 65(b),  the court finds that a Temporary Restraining Order is warranted for the following reasons.

Defendants, Patrick Lavelle ("Lavelle") and Brian Kyle ("Kyle") (collectively, "Individual Defendants"), are former employees of Plaintiff Office Depot.  While employed by Office Depot, Lavelle and Kyle signed an Employee Non-Competition, Confidentiality and Non-Solicitation Agreement ("Employee Agreement").  The Employee Agreement required them to protect and keep confidential trade secrets and other information of Office Depot's during and after Lavelle's and

Kyle's employment. In the event that they terminated their employment with Office Depot, they were required to return confidential documents, work product, or other information pertaining to the business of Office Depot. In addition, the Employee Agreement prohibited them from soliciting clients and customers of Office Depot for six months following the termination of their employment. A portion of the Employee Agreement stated that, "Associate agrees that during employment and for six months thereafter (the "Non-compete Period"), Associate shall not directly or indirectly own any interest in, manage, control, or participate in, work for, consult with or render services for office products superstores or contract/commercial stationers within any geographical area in which the Company or its subsidiaries engage or plan to engage in such business." (Agr., ECF No. 1-1, ¶ 3(a).)

Kyle and Lavelle resigned from Office Depot in June 2009. Currently, Lavelle and Kyle work for Defendant Impact Office Products ("Impact"). Impact is a direct competitor of Office Depot. Plaintiff alleges that after resigning, "Kyle copied, downloaded and emailed to Lavelle confidential documents, which contained a variety of confidential customer information." (Motion, at p. 7.) Plaintiff further alleges that, "this confidential trade secret information has been used by Lavelle, Kyle and I[mpact] to unfairly compete against Office Depot." (*Id*., at p. 8.) Plaintiff claims that it learned of at least three customers in Ohio that were solicited by Kyle and/or Lavelle. Upon learning of this, Plaintiff notified Impact that Lavelle and Kyle had contracts with Office Depot prohibiting them from engaging in this business.

In determining whether to award temporary injunctive relief, such as a temporary restraining order, this Court must consider the following factors: (1) whether Office Depot has a substantial likelihood or probability of success on the merits; (2) whether Office Depot will suffer irreparable

injury if the relief is not granted; (3) whether the injunctive relief would unjustifiably harm a third party; and (4) whether the public interest would be served by issuing the injunctive relief. *Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977); *In re: Eagle-Picher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992). The court finds that Plaintiff can sufficiently satisfy all four factors.

First, given the language of the Employee Agreement and the evidence regarding the actions taken by Defendants, the court finds that Office Depot has shown that it is likely to succeed on the merits of at least some of its claims.

Second, Plaintiff will suffer immediate irreparable harm if individual Defendants are permitted to continue to act in violation of the Employee Agreement. Courts have found that the breach of a non-competition covenant and the unauthorized solicitation of customers constitutes irreparable injury. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992).

Third, the court finds that the irreparable harm that Plaintiff will suffer without a temporary restraining order outweighs any inconvenience the Defendants may suffer. The court is persuaded that Lavelle, Kyle, and Impact were aware of Individual Defendants' obligations under the Employee Agreement. Thus, the Individual Defendants particularly should suffer no inconvenience by adhering to a contract they signed.

Fourth, the court finds that the temporary restraining order will benefit the public interest of upholding contracts. Lavelle and Kyle knowingly entered into a contract that contained a non-compete clause and particular requirements regarding confidential and customer information. There is an interest in requiring them to uphold their legal obligations under this contract.

For the above-mentioned reasons, IT IS ORDERED that Defendants are enjoined and ordered as follows:

(1) Kyle and Lavelle are prohibited, for a period of six months from the date of this Order, from soliciting or servicing customers of Office Depot or potential customers of Office Depot solicited by Kyle, Lavelle or other Office Depot employees with Kyle and/or Lavelle's knowledge;

(2) Kyle and Lavelle are permanently enjoined from using or disclosing Office Depot's trade secret and confidential information, and from otherwise violating the Employee Agreements in any way;

(3) Kyle and Lavelle are prohibited from being employed by or performing services on behalf of Impact, within the geographic territory they were assigned by Office Depot, for six months from the date of this Order;

(4) Impact is prohibited, for a period of six months from the date of this Order, from soliciting or servicing customers of Office Depot or potential customers of Office Depot solicited by Kyle, Lavelle or other Office Depot employees with Kyle and/or Lavelle's knowledge within the geographic territories worked by Kyle and Lavelle during their employment with Office Depot;

(5) Impact is permanently enjoined from using or disclosing Office Depot's trade secrets and confidential information and from otherwise interfering with Office Depot's contracts and business relationships with Kyle and Lavelle and its customers; and

(6) Defendants are prohibited from, in addition to the above, directly or indirectly, violating Ohio's Uniform Trade Secrets Act.

This Order is in effect for the period of ten (10) days following the date of this Order, which ends on December, 18, 2009. Fed. R. Civ. Pro., 65(b)(2). The court hereby schedules a telephonic conference with parties on December 14, 2009, at 5:00 p.m. to discuss the Motion for Preliminary Injunction. The court will initiate the call.

    IT IS SO ORDERED

/s/ SOLOMON OLIVER, JR
UNITED STATES DISTRICT JUDGE

December 4, 2009