IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OFFICE DEPOT, INC., | ) | CASE NO. 1:09-CV-02791 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE KENNETH McHARGH |
| | ) | |
| IMPACT OFFICE PRODUCTS, LLC, et al. | ) | **DEFENDANTS IMPACT OFFICE** |
| | ) | **PRODUCTS, BRIAN KYLE AND** |
| Defendants | ) | **PATRICK LAVELLE'S** |
| | ) | **SUPPLEMENTAL MEMORANDUM IN** |
| | ) | **SUPPORT OF THEIR OBJECTIONS TO** |
| | ) | **THE REPORT AND** |
| | ) | **RECOMMENDATION OF THE** |
| | ) | **MAGISTRATE** |

**I.      Introduction**

Defendants Impact Office Products, LLC, Brian Kyle and Patrick Lavelle's ("Defendants") submit the following as a supplement to their *Objection to the Report and Recommendation of the Magistrate* (the "Objection"). Since Defendants filed their Objection, the Court has ruled on Impact's *Motion to Dismiss*, such ruling having an effect on the Magistrate's Report and Recommendations ("Report"). In the Court's September 26, 2011 Order (the "Motion to Dismiss Order"), the Court adopted the "dominant interpretation" with respect to preemption as set forth in *Allied Erecting and Dismantling Co. v. Genesis Equip. & Mfg.*, 649 F. Supp. 2d 702 (N.D. Ohio 2009), which holds that common-law claims are preempted by the Uniform Trade Secrets Act ("UTSA") (Ohio Revised Code § 1333.61 *et seq.*) to the extent that they are based on facts related to a misappropriation of trade secrets *or* "otherwise secret information falling short of trade secret." (Motion to Dismiss Order at p. 7) (quoting *Allied*, 649 F. Supp. 2d at 720). As a result, the Magistrate's only purported basis for

issuing an injunction – the protection of "confidential information" – is subsumed by the UTSA, and is thus insufficient to justify the imposition of an injunction. The Magistrate's Report should not be adopted.

## II. Factual Background and Procedural History

Plaintiff Office Depot, Inc. ("Plaintiff") brought claims against Defendants for: breach of contract, common law and statutory misappropriation of trade secrets, tortious interference with contract, unjust enrichment, breach of duty of loyalty, good faith and fair dealing, and tortious interference with business relations. (*See generally*, Complaint – Doc. 1.) Each and every one of Plaintiff's claims boils down to – at their core – an allegation that Defendants Kyle and Lavelle misappropriated Plaintiff's "trade secrets" to unfairly compete against Office Depot. (*Id.*)

Plaintiff filed a motion for temporary restraining order and preliminary injunction against Defendants, seeking to enjoin Defendants Kyle and Lavelle from, among other things, soliciting or servicing customers of Plaintiff and using or disclosing Plaintiff's "trade secrets." (*See* Doc. 2 – *Motion for TRO*, at pp. 1-2.) Plaintiff also sought to enjoin Impact from employing Defendants Kyle and Lavelle and from using or disclosing Plaintiff's "trade secrets." (*Id.*) Although the Court initially granted Plaintiff a temporary restraining order (Doc. 11), the Court refused to extend the TRO as requested by Plaintiff. (*See* September 15, 2010 docket text – "The court is without authority to extend the restraining order further at this time.")

While opposing Plaintiff's efforts to obtain injunctive relief against them, Defendants also moved the Court to dismiss most of Plaintiff's substantive claims. Because all of Plaintiff's tort claims arise from the same nucleus of operative fact – the alleged theft of trade secrets – Defendants filed their Motion to Dismiss on January 15, 2010, arguing that all of Plaintiff's non-

2

4263482.2

statutory tort claims are preempted (and barred) by the UTSA.  (*See generally*, Motion to Dismiss.)  Pursuant to both Florida and Ohio law, the UTSA preempts any and all claims which are based on the same operative facts which give rise to a claim for misappropriation of trade secrets, regardless of whether the information allegedly stolen ***actually*** constitute "trade secrets" under the UTSA.  (Motion to Dismiss at pp. 4-6; *see also Glasstech, Inc. v. TGL Tempering Sys., Inc.*, 50 F.Supp. 2d 722, 730 (N.D. Ohio 1999); *Allied*, 649 F.Supp. 2d at 722.)  Thus, Counts Two, Three, Four, Five, and Six of Plaintiff's Complaint are preempted, regardless of whether the information at issue constitutes a trade secret.

Plaintiff's request for a preliminary injunction was heard by Magistrate McHargh on October 7-8 and 26-27, 2010.  On December 30, 2010, the Magistrate issued his Report, which recommended that Plaintiff be granted the injunctive relief it seeks.  (*See* Report.)  Defendants filed their Objection on January 20, 2011, highlighting for the Court the substantive flaws in the Magistrate's decision, including: an improper application of the burden of proof; the failure of the Magistrate to consider Impact's rebuttal of the presumption of irreparable harm; the failure of the Magistrate to consider un-contradicted evidence of Defendants' affirmative defenses of waiver and laches; an erroneous interpretation of the Non-Compete Agreements; and the failure of the Magistrate to consider the undue hardship to Impact and third-parties which would result from the issuance of a preliminary injunction.  (*See* Impact's Objection.)  Those points have been fully briefed to the Court, and Impact does not seek to reargue them here.

However, a significant finding of the Magistrate – over and above those findings challenged by Impact in the Objection – has now become directly relevant, as a result of the Court's Motion to Dismiss Order.  In the Magistrate's Report, he found that Plaintiff <u>failed to establish</u> that any of the information which Plaintiff claimed to be misappropriated and used

3

4263482.2

unfairly to compete – the essence of all of Plaintiff's claims – constituted  "trade secrets," because "much of the information at issue could not be characterized as deriving independent economic value from not being generally known or readily ascertainable within the industry." (Report – Conclusions of Law at 43, 63.)  Therefore, whatever information Defendants Kyle and Lavelle may have allegedly misappropriated, **it is not trade secrets.**

Despite finding that the information purportedly misappropriated does not constitute "trade secrets" under the UTSA because it was publicly available and, therefore, not confidential, the Magistrate still found that Plaintiff demonstrated a protectable interest in its business information, because he determined it was still "confidential" and "proprietary".  (Report – Conclusions of Law at 64).  In light of this Court's ruling that all of the claims related to the alleged misuse of this information are to be considered under the UTSA, the Magistrate's recommendation fails as a matter of the law established by the Motion to Dismiss Order.

On September 26, 2011, this Court issued its Motion to Dismiss Order.  In that Order, the Court found that Counts Two, Three, Four, Five, and Six of Plaintiff's Complaint are, at least in part, preempted by the UTSA.  (*See generally*, Motion to Dismiss Order.)  In the Motion to Dismiss Order, the Court conducts a thorough analysis of why the "majority view" as to UTSA preemption should be followed, in that common law claims are preempted "only to the extent that they are based on misappropriation-of trade-secrets facts."  (Motion to Dismiss Order at p. 8.)  In so ruling, the Court held that allegations based on an alleged misappropriation of "confidential information" which does not otherwise rise to the level of "trade secrets" are *still* preempted by the UTSA:

> The dominant interpretation is that the preemption provision displaces any antecedent misappropriation-of-trade-secret claim and, further, any claim regarding "theft of use of confidential proprietary, or otherwise secret information falling short of trade secret (e.g., idea misappropriation, information piracy, theft of commercial information, etc.)."

(Motion to Dismiss Order at pp. 7-8 (quoting *Allied*).)  Thus, the Court held that the protection of confidential information is subsumed within a claim for misappropriation of trade secrets.  Here, the claims are based on the same underlying operative facts – that Defendants used Plaintiff's trade secret and confidential information.  Plaintiff's allegations seeking to enforce restrictive covenants, misappropriation of trade secrets and tortious conduct are all supported by the factual allegation that Defendants Kyle and Lavelle utilized its valuable trade secret information to unfairly compete against Plaintiff thereby allegedly injuring Plaintiff.  Thus, all of Plaintiff's claims are preempted to the extent that there is no independent basis to support the Magistrate's ruling apart from the alleged misuse of Plaintiff's business information.

### III.  Law and Argument

The Magistrate's Report should not be adopted because, in addition to those reasons set forth in Impact's Objection, the Court has held that Plaintiff's claims based on the alleged protection of "confidential business or professional information that otherwise does not qualify as trade secrets" (Report – Conclusions of Law at 44) are preempted by the UTSA.  In the Motion to Dismiss Order, the Court followed the "dominant interpretation" as set forth in *Allied*, which states that a plaintiff's claims are preempted by the UTSA when such claims arise out of the "same facts" or the "same proof" in support of the common law claims, regardless of whether the information is actually a trade secret.  (Motion to Dismiss Order at pp. 7-9.)  Unless Plaintiff

5

can establish the information satisfies the requirements of the UTSA, all of the claims necessarily fail.

The Magistrate's rationale for enforcing the non-compete agreements and enjoining Defendants as recommended was based on the alleged confidential nature of the information allegedly misappropriated by Defendants.  (Report – Conclusions of Law at 43-44.)  However, the Magistrate specifically found that such information does not constitute trade secrets because it was publicly available and not confidential.  (*Id*.)  As a result of finding that no trade secrets exist, the only remaining basis for the Magistrate's recommendation of the injunction is the mere "confidential business or professional information."  (*Id*.)  However, as the Court held in its Motion to Dismiss Order, such confidential information – even where technically not a trade secret – is also subject to preemption under the UTSA.  ("Thus, a non-UTSA claim survives only if plaintiff alleges factual matter beyond misappropriation-of-trade-secrets *or other information*." – Motion to Dismiss Order at pp. 8-9; emphasis added.)  Therefore, this Court has held that the Magistrate's only rationale for enforcing the restrictive covenants against Defendants fails as a result of the fact that **there are no trade secrets to protect.**  The Court's Motion to Dismiss Order requires that because Plaintiff's claims rely exclusively on the same operative facts to support each type of alleged injury, the UTSA preempts all of these claims and Plaintiff must proceed only under the UTSA in order to be granted relief on any of its claims, Because Plaintiff failed to demonstrate the existence of trade secrets, the Magistrate's Report should not be adopted.[1]

---

[1] Because the purported "confidential information" cannot support the Magistrate's recommendation of an injunction, the only justification which remains is the alleged protection of relationships with existing or prospective customers of Plaintiff.  As Defendants already detailed in their Objection, Plaintiff failed to establish that these relationships constitute a "legitimate business interest" that would justify injunctive relief because they are also publicly known.  (*See* Objection at pp. 18-24.)

6

## **CONCLUSION**

For the foregoing reasons, Defendants Impact Office Products, LLC, Brian Kyle and Patrick Lavelle respectfully request this Court to not adopt the Magistrate's Report and Recommendations.

Respectfully submitted,

*/s/ W. Eric Baisden*_____
W. Eric Baisden (0055763)
Amie L. Labahn (0079089)
HAHN, LOESER & PARKS, LLP
200 Public Square, Ste. 2800
Cleveland, Ohio 44114
216-622-8200 phone
216-241-0816 fax
ebaisden@hahnlaw.com

*Attorneys for Defendant-Counterclaimant Impact Office Products, LLC*


H. Alan Rothenbuecher (0041883)
Schottenstein Zox & Dunn Co., L.P.A.
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
Telephone: (216) 621-6501
Fax:  (216) 621-6502
E-mail:  arothenbuecher@szd.com

*Attorneys for Defendants, Brian Kyle and Patrick Lavelle*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ W. Eric Baisden
One of the Attorneys for Impact Office Products, LLC